281 F.3d 235
 NATIONAL ASSOCIATION OF LETTER CARRIERS, AFL-CIO, BRANCH 3126, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 00-1390.
 United States Court of Appeals, District of Columbia Circuit.
 Argued November 30, 2001.
 Decided February 26, 2002.
 
 COPYRIGHT MATERIAL OMITTED On Petition for Review and Cross-Application for Enforcement of an Order of the National Labor Relations Board.
 Thomas N. Ciantra argued the cause for petitioner. With him on the briefs was Keith E. Secular.
 James M. Oleske, Jr., Attorney, National Labor Relations Board, argued the cause for respondent. With him on the brief were Arthur F. Rosenfeld, General Counsel, John H. Ferguson, Associate General Counsel, Aileen A. Armstrong, Deputy Associate General Counsel, and Sharon I. Block, Attorney.
 Before: GINSBURG, Chief Judge, and RANDOLPH and TATEL, Circuit Judges.
 Opinion for the Court filed by Chief Judge GINSBURG.
 GINSBURG, Chief Judge:
 
 
 1
 Because union stewards prevented a non-union postal employee from filing a grievance, the National Labor Relations Board required the union not only to process the grievance but also to pay for the employee to be represented throughout the grievance proceedings by counsel of his own choosing. The union now petitions for review insofar as the Board required it to pay legal fees for independent representation, and the Board cross-applies for enforcement of its order. We deny the petition for review and grant the application for enforcement.
 
 I. Background
 
 2
 Joe Pitlanish, a letter carrier for the post office in Troy, Michigan, is not a member of the local union, Branch 3126, an affiliate of the National Association of Letter Carriers. In January, 1997 Pitlanish tried to file a grievance about the distribution of overtime opportunities, but the Union stewards thwarted his efforts. The principal obstacle was steward Greg Swindall, who referred to Pitlanish as "Scablanish" and who refused to process the grievance.
 
 
 3
 The General Counsel issued a complaint alleging the Union had violated § 8(b)(1)(A) of the National Labor Relations Act. After a hearing, an Administrative Law Judge agreed and ordered the Union to process Pitlanish's grievance. Upon review the Board upheld the ALJ but modified the recommended remedy by requiring the Union to "bear the reasonable costs of an attorney of Pitlanish's choosing to represent him at any grievance proceedings, including arbitration, that may take place." Nat'l Ass'n of Letter Carriers, 330 N.L.R.B. No. 85, at 2 n. 3, 2000 WL 142074 (2000). The Union sought and the Board denied reconsideration of that part of its decision.
 
 II. Analysis
 
 4
 The National Labor Relations Act expansively authorizes the Board to remedy unfair labor practices by "tak[ing] such affirmative action ... as will effectuate the policies of [the Act]." 29 U.S.C. § 160(c). Hence, the Board's remedial discretion is "subject only to limited judicial review." Sure-Tan, Inc. v. NLRB, 467 U.S. 883, 898-99, 104 S.Ct. 2803, 2812-13, 81 L.Ed.2d 732 (1984). This court "will not disturb a remedy ordered by the Board unless it can be shown that the order is a patent attempt to achieve ends other than those which can fairly be said to effectuate the policies of the Act." Petrochem Insulation, Inc. v. NLRB, 240 F.3d 26, 34-35 (D.C.Cir.2001).
 
 
 5
 For nearly thirty years the Board has required unions to pay for independent legal representation of employees who were treated unfairly when they tried to file grievances. See, e.g., Teamsters Local 186, 203 N.L.R.B. 799, 805, 1973 WL 12432 (1973); Am. Postal Workers Union, 327 N.L.R.B. 759, 770 (1999). The Second and Ninth Circuits have expressly endorsed this remedy. S.F. Web Pressmen and Platemakers' Union No. 4 v. NLRB, 794 F.2d 420, 423 (9th Cir.1986) ("[A] union may be liable for the expense of outside representation if it has failed to process a nonfrivolous grievance fairly"); NLRB v. Local 485, 454 F.2d 17, 22 n. 9 (2d Cir.1972).
 
 
 6
 The Union accuses the Board of imposing the remedy in this case arbitrarily, offering no justification for it and never "explain[ing] why such a remedy is appropriate in some cases but not in others." A standard remedy, however, does not have to be explained anew in every case; it is the norm. Only a departure from the norm requires explanation. See Henry J. Kaiser Co., 259 N.L.R.B. 1, 3 n. 5, 1981 WL 20973 (1981) (explaining that independent representation was unnecessary because liability for backpay gave union incentive to "process the grievance in good faith and with due diligence").
 
 
 7
 According to the Union, the Ninth Circuit has required the Board to "link the attorney's fee remedy to the circumstances of the particular case" in which it is used. Yes and no. In NLRB v. Local Union 396, 509 F.2d 1075, 1079 (9th Cir.1975), the court ruled that although an "order compelling the Union to pay counsel fees was within the [Board's] zone of discretion," the Board needed to explain why, in the circumstances there presented, it ordered the union to pay "attorney's fees as opposed to fees for a paraprofessional." Id. The issue was whether a lawyer was needed, not whether the union should pay if the need was there. In a later case where the need for a lawyer was not in doubt, the court treated the order requiring the union to pay as routine. S.F. Web Pressmen, 794 F.2d at 423.
 
 
 8
 The Union next maintains that it could have provided Pitlanish with unbiased in-house representation; but the Board surely acted within its discretion in deciding that the Union stewards' mistreatment of Pitlanish rendered independent counsel the more prudent remedial choice. See id. at 423 n. 5 ("Exclusive representation by the Union is the rule, and privately retained counsel the exception. Given the Union's breach of [its duty to process a nonfrivolous grievance], the Board's order is within the exception"). Similarly, the Union to the contrary notwithstanding, the Board had the discretion not to limit its independent counsel remedy to the first two steps of the grievance process. Although the third step involves the national rather than the local union, the Board reasonably doubted the NALC would provide Pitlanish with vigorous representation in light of its relation to Branch 3126.
 
 
 9
 The Union also argues that the Board here imposed a penalty in the guise of a remedy, something clearly beyond its authority. See Int'l Bhd. of Elec. Workers v. Foust, 442 U.S. 42, 52, 99 S.Ct. 2121, 2127-28, 60 L.Ed.2d 698 (1979). Providing for independent representation at the Union's expense was not punitive, however; it merely put Pitlanish in the position he would have occupied but for the Union's unfair labor practice. As the Ninth Circuit said of this type of situation:
 
 
 10
 If the Union had not violated its duty of fair representation by its discriminatory refusal to process the grievances, the issues would have been resolved by litigation or arbitration in which the aggrieved employees would have enjoyed vigorous representation at no added cost to themselves. They cannot be restored to that position unless they are relieved of the expenses they will incur in securing the independent representation to which they are concededly entitled.
 
 
 11
 Local Union 396, 509 F.2d at 1079.
 
 
 12
 Finally, the Union argues that bringing outside counsel into the processing of a grievance will undermine the Union as the exclusive representative of the employees in the bargaining unit. As the Board points out, the Union forfeited this argument by failing to raise it when it moved the Board for reconsideration. See 29 U.S.C. § 160(e) ("No objection that has not been urged before the Board ... shall be considered by the court"). The Union did there characterize the remedy as a "wholly unwarranted intrusion on the NALC's right to administer the collective bargaining agreement," but that was in support of its argument that an independent counsel is simply "not necessary ... to ensure the independent and adequate representation to which [Pitlanish] is entitled." The Union did not give the Board an opportunity to rule upon the institutional argument it would now advance. In any event, the Union's role as the exclusive representative for collective bargaining does not inoculate it against liability to make whole an individual employee whom it has wronged.
 
 III. Conclusion
 
 13
 For the foregoing reasons, the petition for review is denied and the cross-application for enforcement is granted.
 
 
 14
 
 So ordered.